J-S16012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIAM S. YEISER | : | |
| | : | |
| Appellant | : | No. 1687 MDA 2024 |

Appeal from the PCRA Order Entered October 31, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003937-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIAM S. YEISER | : | |
| | : | |
| Appellant | : | No. 369 MDA 2025 |

Appeal from the PCRA Order Entered October 31, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003938-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIAM YEISER | : | |
| | : | |
| Appellant | : | No. 370 MDA 2025 |

Appeal from the PCRA Order Entered October 31, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004950-2021

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: MAY 2, 2025**

Siam S. Yeiser appeals, pro se, from the order,[1] entered in the Court of Common Pleas of Dauphin County, denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the factual and procedural history of this matter as follows:

> At docket CP-22-CR-0003937-2020, the Commonwealth charged [Yeiser] with manufacture, delivery, or possession with intent to manufacture or deliver ("PWI[D]").  At docket CP-22-CR-0003938-2020, the Commonwealth charged [Yeiser] with criminal attempt—criminal homicide (amended to aggravated assault), firearms not to be carried without a license, possession of firearm prohibited, and discharging weapons/firearms (withdrawn).  Lastly, at docket CP-22-CR-0004950-2021, the Commonwealth charged [Yeiser] with possession of firearm prohibited, receiving stolen property, firearms not to be carried without a license, PWID, and use/possession of drug paraphernalia (withdrawn).
>
> On February 15, 2022, [Yeiser] pled guilty to all three dockets pursuant to a negotiated plea agreement.  The [trial] court sentenced [Yeiser] to an aggregate term of seven to fourteen years in a state correctional institution.  [Yeiser] did not appeal.
>
> On January 26, 2023, [Yeiser] filed a timely first pro se [PCRA petition].  [Yeiser] asserted ineffective assistance of counsel related to his guilty plea and an alleged failure of plea counsel to file a direct appeal.  The [PCRA] court appointed counsel.  On March 28, 2023, appointed PCRA counsel, William Shreve, [Esquire], filed a motion to withdraw[, along with a "no-merit"

---

[1] In compliance with **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases") and the per curiam order of this Court dated March 10, 2025, Yeiser has filed separate notices of appeal at each docket number.  By order dated April 1, 2025, this Court consolidated Yeiser's appeals sua sponte.  **See** Pa.R.A.P. 513.

letter pursuant to **Turner**/**Finley**[2]]. On May 26, 2023, [the PCRA court] granted counsel's motion to withdraw and dismissed [Yeiser's] PCRA [petition]. [Yeiser] took no appeal.

On December 29, 2023, [Yeiser] filed a second pro se [PCRA petition]. By [] memorandum opinion and order filed February 15, 2024, [the PCRA court] apprised [Yeiser] of [its] intent to dismiss the second PCRA [petition] as untimely. By final order filed October 9, 2024, [the PCRA court] dismissed [Yeiser's] second PCRA [petition].

On May 8, 2024, [Yeiser] filed the instant motion for modification of sentence[,] nunc pro tunc, which [the court properly] construe[d] as a PCRA [petition.[3]]

PCRA Court Opinion, 10/16/24, at 1-2 (unnecessary capitalization and footnotes omitted).

On October 16, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss with accompanying memorandum opinion, in which the court concluded that Yeiser's petition was untimely without an exception. Yeiser responded to the court's Rule 907 notice on October 28, 2024. On October 31, 2024, the PCRA court issued an order dismissing Yeiser's petition. Yeiser

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[3] **See** 42 Pa.C.S.A. § 9542 (PCRA sole means by which defendant may obtain collateral relief); **see also Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) (recognizing courts are to construe all motions defendant files after judgment of sentence has become final as PCRA petitions); **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he [PCRA] provides the sole means for obtaining collateral review, and ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

filed a timely notice of appeal[4] and now raises the following claims for our review:

> 1. Whether [Yeiser's] plea is valid due to the fact that the [trial court] did not follow [Pa.R.Crim.P. 590(B)(2)], in a separate inquiry on the open record.
>
> 2. Whether the [trial court] and district attorney [] violated [Yeiser] [sic] by failing to notify him prior to the change of the negotiated plea agreement that [Yeiser] signed on February 5, 2022.
>
> 3. Whether [Yeiser's] plea [was] invalid and [he is entitled to be] resentence[d] due to the fact that [Yeiser] was not given the benefit of said negotiated plea agreement and [Yeiser] never knew that the victim had a say[-]so in the plea that [Yeiser] signed on February 5, 2022[, which] was the only signed plea agreement [Yeiser] signed.
>
> 4. Whether the charge [of possessing a firearm prohibited is] unconstitutional because it goes against the second amendment[,] which is the right to bear arms.

Brief of Appellant, at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

---

[4] The PCRA court did not order Yeiser to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Prior to addressing Yeiser's appellate claims, we must determine whether the PCRA court properly determined that his petition was untimely without a properly pled and proven exception and, therefore, it lacked jurisdiction to consider its merits. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[5] A PCRA petition invoking one of these statutory exceptions must be

---

[5] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

filed within one year of the date the claims could have been presented. ***See***
***id.*** at § 9545(b)(2).

Here, the trial court sentenced Yeiser on February 15, 2022, and Yeiser
did not file an appeal. Accordingly, his judgment of sentence became final on
March 17, 2022, at the expiration of the 30-day period for filing an appeal
with this Court. ***See*** 42 Pa.C.S.A. § 9543; Pa.R.A.P. 903 (appeal shall be filed
within 30 days of entry of order from which appeal taken). Thus, Yeiser had
until March 17, 2023, to file a timely PCRA petition. Yeiser's instant PCRA
petition was filed on May 8, 2024, more than two years after his judgment of
sentence became final. Accordingly, Yeiser's petition is untimely, unless he
has satisfied his burden of pleading and proving that one of the enumerated
exceptions applies. ***See Lawson***, 90 A.3d at 5.

Here, Yeiser failed to even acknowledge, much less plead and prove,
any of the exceptions enumerated in subsection 9545(b)(1) of the PCRA.
Accordingly, the PCRA court properly concluded that it lacked jurisdiction to
consider Yeiser's petition. ***Lawson***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:05/02/2025